UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLANTIC CAPES FISHERIES, INC. )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>40 CLAM CAGES, MORE OR LESS, *in rem*, )<br>F/V Maude Platt, Inc. as owner of the )<br>M/V SEAFOX )<br>TM Terra Fisheries, Inc. as owner of the )<br>F/V MISS MAEGAN, )<br>F/V (John Doe(s)) and )<br>NANTUCKET SOUND SEAFOOD, LLC )<br>       Defendants. ) | C.A. No.14-14701 |

**VERIFIED COMPLAINT FOR POSSESSION OF MARITIME PROPERTY**

Plaintiff, Atlantic Capes Fisheries, Inc. ("ACF"), by way of Verified Complaint against the Defendants, says:

**Jurisdiction and Venue**

1. Plaintiff brings this suit against the Defendant 40 clam cages, more or less under the provisions of 28 U.S.C. s.1333 as this is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Supplemental Rules B, C and D, Federal Rules of Civil Procedure.

2. Venue lies within this District under the provisions of 28 U.S.C. §1391.

**Statement of the Claim**

**Parties**

3. Plaintiff, Atlantic Capes Fisheries, Inc. is a New Jersey Corporation with principal offices at 985 Ocean Ave., Cape May, New Jersey, and also conducts business from 140 Waldron Road, Fall River, MA and 16 Broadcommon Road, Bristol, RI. ACF is one of four clam plants, which collectively own all of certain clam cages which were

manufactured to meet federal regulations for the harvest and transport of surf clams harvested from federal waters and which these companies purchased and collectively share in a Clam Cage Exchange System ("Cage Exchange System') of which ACF is a member.  The other three companies are Sea Watch International of 15 Antonio Costa Ave., New Bedford, MA 02740, Lamonica Fine Foods of 48 Gorton Rd., Millville, NJ 08332, and Surfside Products of 1733 Main St., Port Norris, NJ 08349. These three companies have authorized and requested that ACF on their collective behalf initiate this action to retrieve the clam cages owned by each company and which are collectively shared in the Cage Exchange System.

4. *In rem* Defendants, 40 federal clam cages (more or less) are the maritime property of the four participants in the Cage Exchange System, and have, through various means, come into the possession of the Defendant vessels and owners and entities not entitled to possess same, and for which possession is sought in accordance with Rule D of the Supplemental Rules for Admiralty and Maritime Claims, F.R.C.P.

5. Defendant F/V Maude Platt, Inc. is a corporation with its business address at 515 Sanford Road, Westport, MA and is the owner of the M/V SEAFOX which was and is a fishing vessel U.S. Registry, Official Number 1107736, which is upon information and belief now within this District.  Said vessel was rigged to harvest, *inter alia,* surf clams and is, on information and belief, in possession of certain federal clam cages belonging to participants in the Exchange, without authority and contrary to the Exchange members right to possession of same.

6. Defendant TM Terra Fisheries, Inc. is a corporation with an address at 63 Freetown Street, Lakeville, MA and is the owner of the F/V MISS MAEGAN, which was and is a

fishing vessel U.S. Registry, Official Number 1120207, which is upon information and belief now within this District. Said vessel was rigged to harvest, *inter alia,* surf clams and is, on information and belief, in possession of certain federal clam cages belonging to participants in the Exchange, without authority and contrary to the Exchange members right to possession of same.

7. Defendant, Nantucket Sound Seafood, LLC ("Nantucket) is a Limited Liability Corporation with offices at 350 South Front Street, New Bedford, MA. Nantucket was and is in the business of purchasing seafood from fishing vessels including clams from the Defendants F/V Maude Platt, Inc. and TM Terra Fisheries, Inc., and on information and belief, is in possession of certain federal clam cages supplied to Nantucket by M/V Seafox (F/V Maude Platt, Inc.) and F/V MISS MAEGAN, (TM Terra Fisheries, Inc.) but belonging to participants in the Cage Exchange System, without authority and contrary to the Cage Exchange System four participants right to possession of same.

8. Defendant F/V John Doe(s), is one (or more) US fishing vessel(s), which is (are) upon information and belief now within this District. Said vessel(s) is (are) rigged to harvest, *inter alia,* surf clams and is(are), on information and belief, in possession of certain federal clam cages they obtained from the other Defendants but belonging to participants in the Exchange, without authority and contrary to the Exchange members right to possession of same.

**Facts**

9. In November, 2014 Lamonica Fine Foods on behalf of the Cage Exchange System requested the return of cages from the F/V MISS MAEGAN, and a number of cages

were returned. Additional cages from the Cage Exchange System which defendant F/V MISS MAEGAN, delivered to defendant Nantucket are still in the possession of Nantucket, Nantucket's truckers or on F/V John Doe(s), vessel(s) to be identified to which Nantucket inappropriately provided Cage Exchange System cages.

10. The clam cages are steel cages built to NMFS regulations for the landing of clams harvested from vessels fishing in federal waters.  They are specially constructed to comply with federal landing regulations promulgated by the National Marine Fisheries Service to ensure that landings of clams are accurately reported, 50 CFR §648.77.  Said clam cages are maritime property within the meaning of Supplemental Rule B.

11. At present, only four entities own clam cages made to these federal specifications.[1]  They are ACF, Sea Watch International, Surfside Products and Lamonica Fine Foods.  These entities participate in the Cage Exchange System whereby the federal clam cages are freely exchanged with vessels (empty cages exchanged for full cages in a rotational harvest and delivery system), hauled to the plants by hired truckers, all with vessels conducting business with these owners or their designated truckers and dealers.  In some cases, the four clam companies, who participate in the Clam Exchange System, acquired ownership of cages from other entities through mergers and acquisitions, but all of the federal clam cages currently in use by the Cage Exchange System remain the property of the Exchange members.

12. The federal clam cages are generally identified with markings installed by the original manufacturer upon the direction of purchaser and therefore owner of the clam cages as follows and as depicted in the accompanying example photographs, Exhibits a-s:

---

[1] Nothing, other than cost, prevents anyone from making clam cages to these specifications or legitimately purchasing clam cages from a manufacturer who builds them to these specifications.

    a. A      Atlantic Vessels (ownership Surfside Products)

    b. AV    Atlantic Vessels (ownership Surfside Products)

    c. BOR  Borden (ownership Surfside Products)

    d. SP    Surfside Products

    e. SSP  Surfside Products

    f. Green Painted Cages (Surfside Products)

    g. BSC  Blount Seafood Corporation (acquired by Sea Watch International)

    h. BF    Blount Foods (acquired by Sea Watch International)

    i. CMF  Cape May Foods (ownership Lamonica Fine Foods)

    j. ESS  Eastern Shore Seafood (acquired by Sea Watch International)

    k. LET  Leroy Truex (Sea Watch International)

    l. CM   Carol Merna (Sea Watch International)

    m. SWI  Seawatch International

    n. Orange Painted Cage (ownership Seawatch International)

    o. ENT  Enterprise (ownership ACF)

    p. PPP  Pt. Pleasant Packing, (ownership ACF)

    q. Red Painted Cages (ACF)

    r. SB    Soffron Brothers (ownership ACF)

    s. SOF  Soffron Brothers (ownership ACF)

13. Some vessels, including the M/V SEAFOX and the F/V MISS MAEGAN, were previously authorized to use Cage Exchange System federal clam cages when they were harvesting for and supplying clams to one of the four companies. Subsequently the M/V SEAFOX and the F/V MISS MAEGAN stopped harvesting for and stopped supplying

5

clams to one of the four owners of the clam cages. Rather than return the clam cages to their owners, these vessels retained the Clam Exchange System clam cages, and began to supply Defendant Nantucket Sound Seafood with clams using the Clam Exchange System cages, which are the property of the four companies.

14. For a specific period of time ACF authorized Nantucket to utilize the Clam Exchange System cages, but for the avoidance of doubt this authorization was specifically revoked in writing.

15. Defendant Nantucket to our belief may have supplied Cage Exchange System cages to other vessels, identified herein as F/V John Doe(s).

16. Acting on behalf of the four companies which own the cages in the Cage Exchange System on or about November 3, 2014 ACF requested and obtained from the defendants the return of 22 Clam Exchange System cages. Subsequently the defendants refused to return any or all of the about 40 (more or less) Cage Exchange System cages in their possession on the M/V SEAFOX,  F/V MISS MAEGAN, , F/V John Doe(s), and at the Nantucket plant.,

17. The Defendants are wrongfully and tortiously maintaining possession of and using said maritime property to the detriment of ACF and the Clam Exchange System.

    **COUNT I-**  *in rem* **Claim Against 40 Federal Clam Cages, More or Less, for Possession**

18. Plaintiff incorporates the allegations of paragraphs 1-17 as if fully set forth herein.

19. ACF has a superior right to possession of said federal clam cages, and should be granted immediate possession of said maritime property.

6

**Prayers for Relief**

WHERFORE, Plaintiff prays:

1. That a warrant issue for the arrest and judicial seizure of all federal clam cages in the possession or on the premises of the Defendants, on the Defendants' vessels or on vessels supplying Defendant with surf clams, in trailers delivering federal cages to Defendant's property and/or vessels 1) bearing the markings of the one of the four companies comprising the Cage Exchange System; 2) with defaced, damaged or illegible markings; and 3) all unmarked clam cages for which the defendants cannot produce purchase receipts from cage manufacturers with identifying markings of the defendants.

2. That ownership and right to possession of the federal clam cages by ACF as a Cage Exchange System participating company be declared to be valid and superior to that of the named defendant corporation and vessels.

3. That an Order issue requiring the defendants to produce any federal clam cages in their possession for inspection, and delivered to the US Marshall or his substitute custodian.

4. That the Court grant such further relief as it deems just and proper including but not limited to legal fees and costs.

**VERIFICATION**

I, Daniel Cohen, being duly sworn depose and say:

I am president of Atlantic Capes Fisheries, Inc.  I have read the foregoing complaint and know the contents thereof and the same is true of my own knowledge except as the matters stated upon information and belief and as to those matters I believe them to be true.

*/s/ Daniel Cohen*
Daniel Cohen

STATE OF NEW JERSEY

County of Cape May

Personally appeared before me the above-named Daniel Cohen known to me to be the person who signed the foregoing verification and who, having been duly sworn by me stated that he read the contents of the foregoing complaint and that the same is true to the best of his personal knowledge except where stated upon information and belief in which case he believes it to be true.

*/s/ Joann Atrkinson Endicott*
Notary Public
My commission expires: November 5, 2017

Respectfully submitted,
**Atlantic Capes Fisheries, Inc.**
By its attorneys

Dated:  12/22/2014

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire
BBO No.:  543752
Ouellette Law Office
127 Eastern Ave., Suite 1
Gloucester, MA 01930
Tel:  (978) 281-7788
Fax:  (978) 281-4411
stephen.ouellette@fishlaw.com